IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES ROBERT NELSON, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-272 (PTG/LRV) |
| | ) |
| HAROLD CLARKE, | ) |
| | ) |
| *Respondent*.[1] | ) |

## MEMORANDUM OPINION

James Robert Nelson ("Petitioner" or "Mr. Nelson"), a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his January 16, 2020 convictions in the Circuit Court for the City of Norfolk, Virginia ("circuit court") for burglary, rape, abduction, and malicious wounding. Dkt. 1. On March 28, 2024, the Respondent filed a second Rule 5 Answer and a Motion to Dismiss, with a supporting brief and exhibits. Dkts. 8–10. Mr. Nelson filed two responses—an amended petition and an addendum to the amended petition—which this Court construes as a motion to amend his petition. Dkts. 16, 17. On November 13, 2024, in accordance with *Milla v. Brown*, 109 F.4th 222 (4th Cir. 2024), the Court advised Mr. Nelson of his rights to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Dkt. 20. On January 15, 2025, Mr. Nelson filed an additional response and second pleading that the Court construes as a second motion to amend his habeas petition. Dkts. 23, 24.[2] Accordingly, this matter is now ripe for disposition.

---

[1] Chadwick Dotson's motion, as the present Director of the Virginia Department of Corrections, to substitute Harold Clarke, the former Director, as the party respondent in this habeas corpus matter will be granted. *See* Dkt. 10 at 1 n.1.

[2] In his motions to amend his habeas petition, Mr. Nelson has filed two apparently identical pleadings titled, "Amended Petition Pursuant to Fed. C.R. Proc. 15 (a)(1) For a Writ of Habeas

For the following reasons, Petitioner's Motion to Amend must be denied, the Respondent's Motion to Dismiss must be granted, and the Petition must be dismissed with prejudice.

## I. Procedural History

### A. State Court Proceedings

Following a three-day jury trial in the circuit court that began on May 21, 2019, Mr. Nelson was convicted of burglary, rape, malicious wounding, and abduction. Trial Ct. R. at 269–70, 358–59, 374–75.[3] The jury fixed his sentence at twenty years in prison for the burglary conviction, twenty years in prison for the abduction conviction, five years in prison for the rape conviction, and five years in prison for the malicious wounding conviction for a total sentence of fifty years in prison. *Id.* at 374–75. The circuit court imposed the jury's sentences in its final judgment order as amended, entered on February 18, 2020. Dkt. 10-1.

The circuit court appointed attorney Regis N. Rice to represent Mr. Nelson on appeal. Trial Ct. R. at 419–20. Through counsel, Mr. Nelson appealed his convictions to the Virginia Court of Appeals. Dkt. 10-2 at 14–30. On July 24, 2020, a Court of Appeals judge denied the petition, finding the evidence sufficient to sustain each conviction and summarizing the evidence accordingly. Dkt. 10-2 at 1–11. Mr. Nelson sought review of the Court of Appeals' initial

---

Corpus Pursuant to 28 U.S.C. 2254." Dkts. 16, 24. The first proposed amended petition had a twenty-page attachment; the second did not. Since there is no difference between the two pleadings, a reference to one is a reference to both. Several of the documents in the attachment were attached to the original petition. The document accompanying the first motion to amend includes unsworn affidavits, hearsay documents, and argument. Dkt. 17. The document accompanying the second motion to amend is a Memorandum in Opposition (Dkt. 23) and will be considered by the Court in resolving the current motion to dismiss.

[3] Trial Ct. R. refers to the continuously paginated records from the Circuit Court of Virginia case numbers CR17-2755-00, -01, -02, 03.

Mr. Nelson had two attorneys (Linda L. McCausland, Henry Sadler) before Daniel P. McNamara was appointed to represent him on June 13, 2018. Trial Ct. R. at 66, 75–76.

affirmance of his convictions by a three-judge panel, which adopted the July 24, 2020 order's reasoning and denied the petition for appeal on October 28, 2020. *Id.* at 12.

Mr. Nelson, by counsel, filed a petition for appeal in the Supreme Court of Virginia that raised the same legal issues. Dkt. No. 10-3 at 8–9. The Supreme Court of Virginia denied the petition for appeal in a summary order on July 14, 2021. *Id.* at 1.

On February 24, 2022, Mr. Nelson, through counsel,[4] filed a state petition for a writ of habeas corpus in the circuit court, which raised the following claims:

1. Trial counsel provided ineffective assistance of counsel when he failed to call petitioner's son, Jaymes Nelson, as a witness on petitioner's behalf.
2. Trial counsel provided ineffective assistance of counsel when he failed to call petitioner's sister, Simone Nelson, and aunt, Doris Mack, as witnesses on petitioner's behalf.
3. Trial counsel provided ineffective assistance of counsel when he failed to properly advise petitioner regarding petitioner's right to testify.
4. Trial counsel provided ineffective assistance of counsel when he failed to provide petitioner with full discovery and review full discovery with petitioner prior to trial.
5. Sentencing counsel provided ineffective assistance of counsel when he failed to argue for concurrent time at petitioner's sentencing hearing.
6. Appellate counsel provided ineffective assistance of counsel when he failed to argue the trial court abused its discretion in sentencing petitioner to consecutive sentences.

Dkt. 10-4 at 2. The circuit court denied the petition on July 29, 2022. Dkt. 10-4 at 1–15. Mr. Nelson's counsel subsequently filed a notice of appeal.

---

[4] The record indicates that attorney Lindsay R. McKasson, Binnall Law Group, Alexandria, Virginia, appeared as local counsel, along with attorney Michael Confusione, Mullica Hill, New Jersey. Dkt. 10-4 at 88.

After two extensions of time, Mr. Nelson, proceeding *pro se*, filed a petition for appeal in the Supreme Court of Virginia.[5] Dkt. 10-5 at 3–20. On June 22, 2023, the court issued a show cause order to Mr. Nelson because his petition for appeal was defective and provided him an opportunity to cure the defect, stating:

> A rule is hereby issued on [Mr. Nelson] to show cause why the above-styled appeal should not be dismissed for failure to comply with Rule 5:17(c)(1) of the Rules of this Court. ("Under a heading entitled 'Assignments of Error,' the petition shall list, . . . the specific errors in the rulings below upon which the party intends to rely.")
>
> [Mr. Nelson] may cure this defect by filing with the clerk of this Court, within 21 days from the date of this order, one copy of a document titled "Assignment(s) of Error" setting forth each assignment of error from appellant's petition for appeal. The assignment(s) of error in this document shall be identical to the assignment(s) of error in the petition and shall include the citations to the record required by Rule 5:17(c)(1). If [Mr. Nelson] fails to file a timely response to this rule to show cause, or if such response is insufficient, the petition for appeal may be dismissed. Rule 5:1A.

Dkt. 10-5 at 26.[6] On October 10, 2023, the court dismissed the appeal, concluding that Mr. Nelson had "failed to comply with the rule to show cause issued by this Court on June 22, 2023" and

---

[5] The Supreme Court of Virginia granted Mr. Nelson an extension of time to file his petition for appeal on October 5, 2022, which made his petition for appeal due on or before November 28, 2022. Hab. App. at 28 (referring to the habeas manuscript record, *Nelson v. Commonwealth*, Record No. 230042). The court granted Mr. Nelson a second extension of time on November 23, 2022, which made his petition for appeal due on or before January 27, 2023. *Id.* at 33. Mr. Nelson filed his petition for appeal on January 12, 2023. *Id.* at 34–51.

[6] Virginia Supreme Court Rule 5:1A provides, in pertinent part:

> This Court may dismiss an appeal or impose such other penalty as it deems appropriate for non-compliance with these Rules. Except as provided in Rule 5:17(c)(1)(i) and (iii), regarding assignments of error, prior to the dismissal of an appeal for any defect in the filings related to formatting, curable failure to comply with other requirements, or the failure to meet non-mandatory filing deadlines, this Court may issue a show cause order to counsel or a party not represented by an attorney, prescribing a time in which to cure such defect or to otherwise show cause why the appeal should not be dismissed or other penalty imposed.

4

"dismiss[ing] the petition for appeal filed in the above-styled case. Rule 5:1A(a)." *Id.* at 1. Mr. Nelson sought a rehearing, which was denied on February 1, 2024. *Id.* at 2.

### B. Federal Petition

On February 11, 2024, Mr. Nelson, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.[7] Dkt. 1. In this petition, Mr. Nelson alleged the following:

1) "Trial Counsel Daniel McNamara and Appellate and Guilty Plea Counsel Regis Rice were ineffective for failing to raise argument that all the sentences should have run concurrent, namely the burglary, rape, malicious wounding and abduction convictions and the sentencing court had the authority to exercise its discretion to do so or at leas[t] [run] some of the convictions concurrently."

2) "Trial counsel and Appellate and Guilty Plea Counsel and Public Defender Linda McCausland were ineffective for failing to call three fact witnesses to impeach the credibility of alleged victim Rosita Nelson."

3) "Public Defender Linda McCausland was ineffective for waiving preliminary hearing and coercing and not explaining consequences of signing a guilty plea."

4) "All previous counsel are ineffective for failing to argue these convictions were part of a single incident and should have merged for sentencing purposes."

5) "All previous counsel were ineffective for failing to produce evidence or call witnesses to establish that Petitioner lacked the mens rea to commit burglary and rape."

6) "All previous counsel failed to produce available family and non-family character witnesses and his reputation for non-violence or prior history of domestic violence against his wife as he never had a conviction for violence."

7) "Trial counsel and appellate counsel failed to object to trial prosecutor[']s comments in closing arguments."

8) "Trial counsel and Appellate counsel were ineffective for failing to object or offer jury instructions."

*Id.* at 32–33.

---

[7] The petition was executed on February 11, 2024, and that date is the earliest he could have given it to prison officials to be mailed to this Court. *See Houston v. Lack,* 487 U.S. 266, 276 (1988).

5

### III. Analysis

#### A. Habeas Petition

*1. Statute of Limitations*

Under the Anti-terrorism Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). To be properly filed, the petition must be delivered in compliance with the applicable laws and rules governing filings, including format and time requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An untimely state petition is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

In this case, Mr. Nelson's petition is untimely under § 2244(d)(1)(A).[8] The statute of limitations for a writ of habeas corpus petition brought pursuant to a state court judgment begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court of Virginia refused Mr. Nelson's appeal of his state-court convictions on July 14, 2021. This judgment became final one hundred fifty (150) days after July 14, 2021, when the time period to appeal the convictions to the United States Supreme Court expired. *Lopez v. Warden of Tyger River Corr. Inst.*, 2022 WL 18457734, at *6 (D.S.C. Dec. 8, 2022), *report and recommendation adopted*, 2023 WL 387608 (D.S.C. Jan. 25, 2023) ("[A] conviction becomes final on the expiration of the ninety-day period to seek review by the United States Supreme Court from a state's highest court." (citing *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). Thus, for the purposes

---

[8] Subsections (B)–(D) of § 2244(d)(1) do not apply here, nor does Mr. Nelson argue that they do.

6

of § 2244(d)(1)(A), Mr. Nelson's convictions became final on December 13, 2021.[9] Mr. Nelson did not execute his federal habeas petition until February 11, 2024, well over a year after December 13, 2021, when the statute of limitations began to run. Accordingly, absent statutory or equitable tolling, his petition is barred as untimely.

*2. Statutory Tolling*

Under AEDPA, a state prisoner must file his petition for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[10] 28 U.S.C. § 2244(d)(1)(A). In calculating the one-year period, the Court must exclude the time during which any properly filed state collateral proceeding pursued by Mr. Nelson was pending. *See* 28 U.S.C. § 2244(d)(2); *see also Pace*, 544 U.S. at 417 (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Mr. Nelson's first state habeas petition was filed, by counsel, in the circuit court on February 24, 2022. At that time, 71 days of the statute of limitations had expired, and he had 294 remaining days to file his federal habeas petition after the termination of his state habeas proceeding. The circuit court denied his state petition for a writ of habeas corpus on July 29, 2022. Adding the 294 days

---

[9] Mr. Nelson's federal habeas petition fell within the extension the United States Supreme Court created during the COVID-19 pandemic. This extension provided that "in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order." *Miscellaneous Order*, 594 U.S.---, 210 L. Ed. 2d 999 (U.S. July 19, 2021). Thus, Respondent's argument that the time expired on October 21, 2021 is incorrect because he used the normal 90-day period to file a petition for a writ of certiorari. Even if the Court used the October 21 date, this would not change the Court's ultimate conclusion that the instant habeas petition is untimely.

[10] *See supra* note 8.

7

to the state court's final judgment, absent any additional statutory tolling, Mr. Nelson had until Friday, May 19, 2023 to file a timely federal habeas petition.

In his response to the motion to dismiss, Mr. Nelson argues that the federal statute of limitations was tolled from the time he filed his state habeas petition in the circuit court through the denial of his petition for rehearing by the Supreme Court of Virginia on February 1, 2024. Dkt. 16 at 19. Respondent argues that because Mr. Nelson's petition for appeal from the denial of state habeas was not properly filed, the period from July 29, 2022 through the denial of the rehearing on February 1, 2024 was not tolled. Dkt. 10 at ¶ 10. The Court agrees with Respondent.

*Artuz v. Bennett* held that "an application is 'properly filed' when its delivery *and* acceptance are in compliance with the applicable laws and rules governing filings," and the rules "usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." 531 U.S. at 8 (emphases added) (emphasis omitted). This Court previously held in *Christian v. Baskerville* that "just because a particular application is pending, does not mean that it was properly filed." 232 F. Supp. 2d 605, 607 (E.D. Va.), *appeal dismissed*, 47 F. App'x 200 (4th Cir. 2001). "For example, if an application is erroneously accepted by the clerk without the requisite filing fee, it will be pending, but not properly filed." *Id. Christian* is especially pertinent to this case because it found that a petition for appeal to the Supreme Court of Virginia from the denial of habeas relief by the circuit court, which did not contain assignments of error as required by Rule 5:17(c), was not properly filed, and, therefore, the time in which the appeal was pending was not tolled. *Id.* at 607–08. The *Christian* court held this because the "petitioner failed to meet the form requirements for properly filing an appeal in the Supreme Court of Virginia, his appeal was not properly filed pursuant to § 2244(d)(2)." *Id.* Accordingly, the *Christian* court concluded that "no time between" the date

8

the circuit court "denied his petition for state habeas relief," and "the date his appeal was dismissed for failure to perfect by the Supreme Court of Virginia" would "be excluded in determining whether his petition is time barred under § 2244(d)(1)." *Id.* at 607.

Similarly, the Fourth Circuit, citing the reasoning in *Christian,* affirmed the dismissal of a habeas petition filed in the Western District of Virginia. *Escalante v. Watson*, 488 F. App'x 694, 697–98, 701 (4th Cir. 2012) (relying on *Christian's* logic to hold that petitions for appeal that failed to comply with Va. Sup. Ct. R. 5:17(c) do not toll the statute of limitations under § 2244(d)(2)). In *Escalante,* as in this case, the Supreme Court of Virginia dismissed the state petition for appeal because the "petition failed to include a list of assignments of error 'in the lower court proceedings upon which the petitioner intends to rely.'" *Id.* at 698–99 (citing Rule 5:17(c)). The *Escalante* court concluded that the statute of limitations under § 2244(d)(1) was not tolled during the time between the state trial court's denial of the habeas petition and appeal to the Supreme Court of Virginia. *Id.* at 701. Accordingly, the court affirmed the district court's dismissal of the federal habeas petition as untimely. *Id.* As in *Christian* and *Escalante,* this Court concludes here that the period after July 29, 2022, when the circuit court dismissed Mr. Nelson's state habeas petition, was not tolled because Mr. Nelson failed to properly file his petition for appeal in the Supreme Court of Virginia. Consequently, this Court concludes that absent equitable tolling, Mr. Nelson's federal petition is untimely.

*3. Equitable Tolling*

To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Pace*, 544 U.S. at 418. In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests

and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "Equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427–28 (8th Cir. 2007) (quoting *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). Indeed, equitable tolling is available only in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003)).

Mr. Nelson argues in his opposition to the motion to dismiss that he is entitled to equitable tolling for two reasons. First, he "was representing himself *pro se*, and his ignorance of the procedural requirements of the state appellate system constitute an extraordinary circumstance." Dkt. 23 at 4. The Fourth Circuit has expressly rejected this argument:

> [E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . ."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a *pro se* prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Stated differently, Sosa's *misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control.*

*United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (all but first alteration in original) (emphasis added).

10

Mr. Nelson next asserts that he "demonstrated reasonable diligence" because he "sought to file an appeal with the Supreme Court of Virginia and was only precluded from doing so due to a technical defect." Dkt. 23 at 4. This argument is simply a reformulation of his ignorance argument. The law is the same whether a habeas petitioner is represented by counsel or proceeding *pro se*—a mistake in interpreting the federal habeas statute of limitations does not warrant equitable tolling.[11] *See Riggs*, 314 F.3d at 799 ("[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").[12] In Mr. Nelson's case, the Supreme Court of Virginia was patient, thoughtful, and accommodating. The court granted him two extensions of time to file his petition for appeal, and once filed, the court identified the defect, directed Mr. Nelson as to how to cure the defect, and gave him an opportunity to cure the defect.[13] The record supports neither that Mr. Nelson was

---

[11] *Rouse v. Lee*, 339 F.3d at 238, 248 (4th Cir. 2003) (explaining that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000)).

[12] It is just as well-settled that needing the assistance of or relying on others for assistance does not warrant equitable tolling. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[R]eliance on helpers who were transferred or too busy to attend to his petitions . . . are hardly extraordinary [circumstances] given the vicissitudes of prison life, and there is no indication in the record that they made it 'impossible' for him to file on time." (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)).

[13] Failure to comply with appellate rules requiring assignments of error is not a "technical defect," as the purpose of such rules is "to definitely and separately point out the errors complained of in

diligent nor that some extraordinary circumstance stood in his way and prevented timely filing. *Pace*, 544 U.S. at 418.

It is unclear if Mr. Nelson is relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), which he cites in his response, with regard to timelines. Dkt. 16 at 11. Although *Martinez* may excuse certain state procedural defaults in limited circumstances, it does not excuse an otherwise untimely federal habeas petition or provide tolling under the AEDPA.[14] *See Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023) (holding that "*Martinez* established a narrow, equitable exception to procedural default; it has *no applicability* to the statutory limitations period prescribed by AEDPA" (emphasis added)) (collecting cases); *Proctor v. Dir., Dep't of Corr.*, 2018 WL 6571215, at *3 (W.D. Va.

---

order to clearly define and confine the issues on appeal." *N.Y. Casualty Co. v. YMCA*, 119 F.2d 387, 389 (8th Cir. 1941). Virginia requires assignments of error

> to point out the errors with reasonable certainty in order to direct this [C]ourt and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points. Without such assignments, appellee would be unable to prepare an effective brief in opposition to the granting of an appeal, to determine the material portions of the record to designate for printing, to assure himself of the correctness of the record while it is in the clerk's office, or to file, in civil cases, assignments of cross-error.

*Yeatts v. Murray*, 455 S.E.2d 18, 21 (Va. 1995) (quoting *Harlow v. Commonwealth*, 77 S.E.2d 851, 853 (Va. 1953)); *see also Shopko Distrib. Co. v. Commanding Gen.*, 885 F.2d 167, 170 n.3 (4th Cir. 1989) (noting that failure to comply with terms of former version of Fed. R. App. P. 28(a)(5) constitutes waiver of asserted claims); *Carducci v. Regan*, 714 F.2d 171, 177 ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.").

[14] *Martinez* is also inapplicable to claims of ineffective assistance of appellate counsel and does not provide cause to review a defaulted claim. *Davila v. Davis*, 582 U.S. 521, 529 (2017) (declining to extend *Martinez* exception to defaulted claims of ineffective assistance of appellate counsel); *see Moseley v. Clarke*, No. 3:19-cv-40, 2019 WL 4231219, at *7 n.6 (E.D. Va. Sept. 5, 2019) ("To the extent that Moseley faults appellate counsel for the default of his claim, the explicit language of *Martinez* applies to an inmate's default of a claim of ineffective assistance of *trial* counsel only. Thus, the ineffective assistance of appellate counsel fails to serve as the cause for the default of this claim." (citation omitted)), *appeal dismissed*, 791 F. App'x 428 (4th Cir. 2020).

12

Dec. 13, 2018) (finding that *Martinez* created no basis for tolling the federal habeas limitations period); *Wilson v. Perry*, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases agreeing that *Martinez* . . . [is] inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations"). Accordingly, the Court concludes that equitable tolling does not apply to Mr. Nelson's federal habeas corpus petition and will dismiss the petition as untimely.

### B. Motion to Amend

In his motion to amend, Mr. Nelson seeks to amend his petition to raise a ninth claim of ineffective assistance of counsel. Dkt. 16 at 25. Under the claim, Mr. Nelson contends that "[t]rial counsel was ineffective for failing to discuss discovery or provide the same, or trial strategy and defense with the petitioner." *Id.* (hereinafter "Claim 9").[15] Claim 9, as argued by Mr. Nelson in his motion to amend, "was raised" in his state habeas petition as Claim 4: "Trial counsel provided ineffective assistance of counsel when he failed to provide petitioner with full discovery and review full discovery with petitioner prior to trial." Dkt. 10-4 at 58. The state court found that Mr. Nelson, proceeding in state habeas with counsel, had failed to establish either deficient performance of counsel or prejudice as required by *Stickland v. Washington,* 466 U.S. 668, 689–94 (1984). *See id.* at 10–11.

For purposes of habeas petitions, rules regarding amended petitions are governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Mayle v. Felix*, 545 U.S. 644, 654–55 (2005) (citing Rule 11, Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2242). Under Federal Rule of Civil Procedure 15(a), "leave to

---

[15] The claims in the two "amended petitions," with the exception of Claim 9, are the same as the original petition.

13

amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing cases). "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *Id.* "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 645 (alteration in original) (quoting Rule 15(c)). "An amendment to a habeas petition relates back under Rule 15(c)(2) when the new claim arises from the 'same core facts [in time and type] *as the timely filed claims.*'" *Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) (alteration in original) (emphasis added) (quoting *Mayle*, 545 U.S. at 657).

At this point, amendment would be futile because the original pleading was not timely filed—*i.e.* there is no timely claim to which the new claim could relate back. As noted, the claims in the original petition are all untimely.[16] *See, e.g., Ward v. Clarke*, No. 3:14-cv-11, 2014 WL 5795691, *3 (E.D. Va. Nov. 6, 2014) (denying leave to amend as "futile" because "the statute of limitations bars the new claim."). Thus, the Court will deny Mr. Nelson's motion to amend.

## V. Certificate of Appealability

According to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." R. 11(a), Rules Governing Section 2254 Cases U.S. District Courts; *see also* 28 U.S.C. § 2253(c)(1)(A) (prohibiting an appeal to the respective court of appeals from a final order concerning a habeas corpus petition "[u]nless a circuit justice or judge issues a certificate of

---

[16] *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'" (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988))).

appealability"). "A certificate of appealability may issue under paragraph . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this requirement, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where a district court dismisses a petition solely on procedural grounds and does not address the underlying constitutional claims, *Slack* instructs the court to issue a COA if the petitioner demonstrates that "jurists of reason" would find both the petition's "claim of the denial of a constitutional right" and the district court's dispositive procedural ruling "debatable." *Id.* at 484. As to whether the procedural ruling is "debatable," *Slack* further advises that when the procedural bar present is "plain" and "the district court is correct to invoke it to dispose of the case," jurists of reason could not find "that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Here, Mr. Nelson's petition will be dismissed because he failed to file his federal petition for a writ of habeas corpus within the one-year statute of limitations permitted under 28 U.S.C. § 2244(d)(1). Where such "a plain procedural bar is present," "jurists of reason" would not and could not "find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, this Court will not issue a COA to Petitioner.

Mr. Nelson may, however, seek a COA from the United States Court of Appeals for the Fourth Circuit. Where a district court denies a COA, the petitioner "may not appeal the denial but

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

R. 11(a), Rules Governing Section 2254 Cases U.S. District Courts.

### VI. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. 8) will be granted, and Petitioner's Motion to Amend (Dkts. 16, 24) will be denied. The Petition must be dismissed with prejudice, and an appropriate Order shall issue.

Entered this __27th__ day of March, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge